UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**DANIEL BAUTISTA ISLAS**              **CASE NO. 1:25-CV-01614 SEC P**

**VERSUS**                             **JUDGE EDWARDS**

**ANGEL WOLFE, ET AL**                 **MAGISTRATE JUDGE PEREZ-MONTES**

<u>**MEMORANDUM RULING AND ORDER**</u>

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Petitioner Daniel Bautista Islas ("Bautista Islas"), an immigration detainee at River Correctional Center, in Ferriday, Louisiana. For reasons that follow, the Petition is GRANTED, and Respondents shall hold an individualized bond hearing within seven days.

## BACKGROUND

Bautista Islas is a native and citizen of Mexico. R. Doc. 9 at 7; 12-1 at 1. Bautista Islas alleges that he entered the United States in 2002. R. Doc. 9 at 7. He was detained following a traffic stop, and was subsequently denied a bond hearing by the immigration judge. R. Doc. 12-2; 13 at 1.

Bautista Islas asks the Court to order Respondents to conduct a bond hearing because his detention is governed by 8 U.S.C. § 1226(a). Respondents maintain that Bautista Islas is detained under 8 U.S.C. § 1225(b), and he is therefore not entitled to a bond hearing.

## LAW AND ANALYSIS

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). As the Court has previously determined, the jurisdictional bars

raised by Respondents are inapplicable. *See Martinez v. Rice*, 25-cv-1780, 2025 WL 3554620 (W.D. La., Dec. 11, 2025). Neither 8 U.S.C. § 1252(b) nor § 1252(g) divest the Court of jurisdiction. *Id.*

This Court has rejected Respondents arguments in recent cases that presented the same core issue. *See Hernandez v. Jordan,* 3:25-cv-1735 (W.D. La., Jan. 12, 2026), R. Doc. 14; *Martinez v. Rice*, 25-cv-1780, 2025 WL 3554620 (W.D. La., Dec. 11, 2025). The Court's reasons for granting habeas relief in those cases apply here.

Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2), detention is required if "(1) the person is an 'applicant for admission'; (2) the person is 'seeking admission'; and (3) an 'examining immigration officer determines' the person 'is not clearly and beyond a doubt entitled to be admitted.'" *Granados v. Noem*, 2025 WL 3296314, at *6 (W.D. Tex. Nov. 26, 2025) (citing 8 U.S.C. § 1225(b)(2)(A); *Lopez Benitez v. Francis*, 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

As recognized by Judge Rodriguez in the Western District of Texas, the key terms in § 1225(b)(2)(A) that direct this Court's analysis are defined in statute:

> The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A).

*Id.* The statutory definitions of these terms and their plain meaning are dispositive. "Admission" means lawful entry. Bautista Islas was not an applicant for admission when he was detained by

2

ICE officials because he was not seeking lawful entry into the United States at that time. Rather, Bautista Islas had been residing within the United States for 23 years.

This conclusion is further supported by most courts—including this very Court—that have concluded that detention of aliens already present in the United States is governed by § 1226(a), entitling them to an individualized bond hearing. *See Martinez v. Rice*, 2025 WL 3554620 (collecting cases).

Additionally, based on this Court's reading of *Jennings v. Rodriguez*, 583 U.S. 281, 292–93 (2018), the Supreme Court interpreted §§ 1225(b) and 1226(a) holistically, contrary to Respondents' assertion. The *Jennings* Court understood § 1225(b) to control the detention of aliens "at the Nation's borders and ports of entry." *Jennings*, 583 U.S. at 287. The Supreme Court's "language does not indicate broad application to all unadmitted immigrants in the United States. Rather … this language indicates that § 1225(b)(2) applies to those arriving in the country." *Morales Chaves v. Dir. of Detroit Field Off.*, 2025 WL 3187080, at *5 (citing *Contreras-Cervantes v. Raycraft*, 2025 WL 2952796, at *7 (E.D. Mich. 2025)). The *Jennings* Court distinguished §§ 1225(b) and 1226(a) to ensure that these sections would function in concert, not in conflict. *See Jennings*, 583 U.S. at 289. This Court will neither create such a conflict nor render § 1226(a) without effect.

Until his removal order becomes final, Bautista Islas is detained under § 1226 and, as such, he is entitled to bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Bautista Islas also requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings, Bautista Islas' request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

Accordingly, **IT IS ORDERED** that the Petition is **GRANTED** and that Respondents shall provide Bautista Islas an individualized bond hearing before an immigration judge under Section 1226(a), within **seven (7) days** of the date of this Memorandum Ruling and Order.

**IT IS FURTHER ORDERED** that the request for attorney's fees under the EAJA is **DENIED**.

ALEXANDRIA, LOUISIANA, this 14th day of January, 2026.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE